lml

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| J.H., a minor child, and<br>JEANNE HUBER-HAPPY,    )<br>          )<br>                 Plaintiffs,   )<br>          )<br>     vs.               )<br>          )<br>ESTATE OF PAULINE RANKIN,   )<br>          )<br>               Defendant.   ) | Case No. 06-4076-JAR |

## MEMORANDUM AND ORDER

The following matters are currently before the Court: plaintiff's motion to amend and/or for relief from the order of remand (Doc. 4) as well as several supplements thereto (Docs. 9, 10, 12); defendant's motion to remand and for sanctions (Doc. 14); plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 17); and plaintiff's motion to strike defendant's response and motions (Doc. 20).[1] For the reasons set forth in detail below, the Court grants plaintiff IFP status as well as plaintiff's motion for relief from the remand order, but ultimately concludes that the case should be remanded to Douglas County, District Court because this Court lacks subject matter jurisdiction.

### Background

This probate case was removed from the District Court of Douglas County, Kansas, on July 6, 2006. Plaintiff failed to pay the filing fee or move for leave to file the action without payment of fees, costs or security. Accordingly, this Court remanded the matter without

---

[1]Plaintiff has also filed additional requests for relief that the Court denies as moot, *infra*.

prejudice to refile should plaintiff comply with the rules of the Court regarding obtaining IFP status or remit the filing fee (Doc. 2).  Plaintiff responded to the Court's order with numerous pleadings, including a Motion to Amend filed pursuant to Fed. R. Civ. P. 59(e) and for Relief from Judgment pursuant to Rule 60(b) (Doc. 4) as well as several supplements and addenda thereto.  Plaintiff asserted that she should be granted IFP status in this case because she had previously been granted such status in a separate action before the United States District Court for the District of Connecticut, and attached the Connecticut IFP documents to one of her motions for relief (Doc. 3).

The Court construed plaintiff's motion as an application for leave to proceed IFP, and gave plaintiff one last opportunity to comply with the rules of the Court, directing her to submit an IFP application that includes current financial information or remit payment of the $350 filing fee no later than September 1, 2006 (Doc. 13).  Plaintiff submitted her application to proceed IFP on August 24, 2006 (Doc. 17), which includes current financial information of plaintiff, and incorporates the previous documentation filed in Connecticut.

### Discussion

As a threshold matter, the Court, upon review of plaintiff's current financial affidavits, determines that plaintiff does not possess the financial resources to pay the appropriate filing fees in this matter.  Accordingly, plaintiff's application to proceed IFP (Doc. 17) is granted.

In its initial order in this case filed July 10, 2006, the Court remanded the case without prejudice to refile should plaintiff comply with the Court's rules pertaining to obtaining IFP status.  Instead of filing a new notice of remand along with her IFP documents, however, plaintiff filed a motion to amend pursuant to Fed. R. Civ. P. 59(e) and for relief from judgment

pursuant to Rule 60(b).  These motions were filed via facsimile on July 19, 2006; plaintiff's copies sent via Federal Express were received by the Clerk's office on July 21, 2006, and docketed that date.[2]

Because plaintiff has complied with the Court's order of August 13, 2006, and the Court has granted her IFP status, the Court will address her motions for relief from the order of remand. Although plaintiff's Rule 59 motion was filed within the ten-day time period specified in Rule 59(e),[3] the Court addresses the motion for relief from judgment under Rule 60(b), which plaintiff seeks in the alternative.  Rule 60(b)(6) provides the court with discretion to grant relief from judgment when justified by "any other reason justifying relief from the operation of the judgment."  Because the Court has granted plaintiff's IFP status, it sees little benefit in requiring plaintiff to refile the notice of remand when her timely motions for relief from the order are pending.  Accordingly, the Court will grant plaintiff's motion for relief from the original remand order on this limited basis.

That is not the end of the matter, however, as the administrator for defendant estate has moved to remand to state court as well as for sanctions.  The Court agrees that it lacks subject matter over these proceedings and thus remand is proper on the merits of the proceedings.  A civil action is removable only if plaintiffs could have originally brought the action in federal

---

[2]As the Court has explained to plaintiff several times, facsimile filings are only permitted where compelling circumstances exist and include an affidavit of a party not represented by counsel setting forth the facts constituting the compelling circumstances.  D. Kan. R. 77.1(c).  The Court found that plaintiff had not demonstrated compelling circumstances and requested that plaintiff refrain from filing facsimile pleadings.  (Doc. 13 at n.1.)

[3]Fed. R. Civ. P. 6(a) provides that when the period of time prescribed or allowed is less than 11 days, intermediate weekends and legal holidays shall be excluded in the computation.  Thus, the ten days ran on July 24, 2006.

court.[4]  The court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[5]  The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[6]

This action concerns the validity of the decedent's Will and the admittance of the Will to probate.  Under the so-called "probate exception,"a federal court lacks diversity jurisdiction over cases involving probate matters, and federal courts cannot assume general jurisdiction over, or interfere with, a probate proceeding.[7]  Moreover, plaintiff's purported federal law claims do not create federal question jurisdiction justifying removal, nor can jurisdiction be conferred by counterclaim.[8]  Accordingly, the Court remands this action to the District Court of Douglas County, Kansas, for further probate proceedings.

Defendant seeks sanctions pursuant to 28 U.S.C. § 1927, which allows the court to impose sanctions against an attorney who multiplies the proceedings in any case unreasonably and vexatiously.  The Court declines to impose such sanctions against plaintiff, who is purportedly an attorney.  The Court does, however, award defendant attorney's fees and costs incurred as a result of the improper removal of this case.  Under 28 U.S.C. § 1447(c), "[a]n order

---

[4]28 U.S.C. § 1441(a).

[5]28 U.S.C. § 1447(c).

[6]*Schecher v. Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1257 (D. Kan. 2004) (citing *Ins. Corp. of Ireland, Ltd. v. Compangnie des Bauxites de Guinee*, 456 U.S. 684, 702 (1982)).

[7]*Marshall v. Marshall,* — U.S. —, 126 S. Ct. 1735, 1738-39 (2006) (citing *Markham v. Allen*, 326 U.S. 490 (1946); *Beren v. Ropfogel*, 24 F.3d 1226, 1228 (10th Cir. 1994).

[8]*See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 471 (1998) and cases cited therein; *In re Adoption of Baby C*, 323 F. Supp. 2d 1082, 1085 (D. Kan. 2004) (citing *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1380 (10th Cir. 1978)).

4

remanding the case may require payment of costs and any actual expenses, including attorney

fees, incurred as a result of the removal."  The Supreme Court recently explained the appropriate

standard for awarding such fees under the statute:

> Absent unusual circumstances, courts may award attorney's fees
> under § 1447(c) only where the removing party lacked an
> objectively reasonable basis for seeking removal.  Conversely,
> when an objectively reasonable basis exists, fees should be denied.
> In applying this rule, district courts retain discretion to consider
> whether unusual circumstances warrant a departure from the rule
> in a given case.  For instance, a plaintiff's delay in seeking remand
> or failure to disclose facts necessary to determine jurisdiction may
> affect the decision to award attorney's fees.  When a court
> exercises its discretion in this manner, however, its reasons for
> departing from the general rule should be "faithful to the purposes"
> of awarding fees under § 1447(c).[9]

For the reasons set forth in its determination that remand of the case is required, the

Court concludes that plaintiff lacked an objectively reasonable basis for seeking removal.

Although plaintiff proceeds *pro se* and IFP, she is an attorney.  Removal of this case clearly

interferes with a probate proceeding.  Plaintiff does not cite, nor could the Court find, any cases

supporting departure from the probate exception under the facts and circumstances of this case.

Defendant was required to devote time and resources responding to a facially meritless motion.

As such, defendant is hereby ordered to submit an accounting of its attorney's fees and costs

associated with the improper removal of this action.

   **IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's application to

proceed IFP (Doc. 17) is GRANTED; plaintiff's motion for relief (Doc. 4) from the order

remanding the case is GRANTED; defendant's motion to remand to state court (Doc. 14) is

---

[9]*Martin v. Franklin Capital Corp.*, — U.S. —, 126 S.Ct. 704, 711 (2005) (citations omitted).

GRANTED; defendant's motion for sanctions (Doc. 14) is DENIED;

**IT IS FURTHER ORDERED** that the Court awards defendant reasonable attorney's fees and costs incurred as a result of plaintiff's improper removal.  Defendant shall submit a full accounting of its attorney's fees and costs within twenty (20) days of this Order.

**IT IS FURTHER ORDERED** that the following motions filed by plaintiff are denied as moot: Motion to Change Venue (Doc. 4); Motion for Three Panel Judge (Doc. 4); Motion to Stay (Doc. 6); Motion for Correction of the Record and Reversal of Remand (Doc. 9); Motion to Stay (Doc. 9); Motion for Temporary Restraining Order (Doc. 9); Motion for Seizure of the Estate and Commencement of Criminal Investigation (Doc. 9); Motion for Extension of Time (Doc. 16); and Motion to Strike (Doc. 20).

IT IS SO ORDERED.

Dated this  11th  day of September 2006.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge