lml

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| J.H., a minor child, and | ) | |
| JEANNE HUBER-HAPPY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 06-4076-JAR |
| | ) | |
| ESTATE OF PAULINE RANKIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM ORDER AND OPINION</u>

This matter is before the Court on plaintiff Jeanne Huber-Happy's "Objections to 911 Order; Supplemental Motion for Correction of the Record and Reversal of the Remand Issued Due to Error and/or Fraud Pursuant to Fed. R. Civ. P. 59(e), 60(a) and (b); Motion for Stay Pursuant to Fed. R. Civ. P. 62; Motion for TRO Pursuant to Fed. R. Civ. P. 64; and Motion for Seizure of the Estate Pursuant to Fed. R. Civ. P. 64 and Commencement of a Criminal Investigation into the Deaths of Pauline Rankin and Charles Rankin and the Interference [sic] Mail so as to Make Plaintiff's Filings Untimely" (Doc. 27). For the reasons set forth below, plaintiff's request for relief is denied.

### *Background*

The factual history of this case is set forth in detail in the Court's order of remand (Doc. 21), and will not be repeated here. On September 13, 2006, the Court entered an order remanding these probate proceedings to the District Court of Douglas County, Kansas (Doc. 21). Plaintiff's instant motion filed on September 21, 2006, objects to and requests reversal of that

order.

***Discussion***

A motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[1]  Such a motion does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[2]

Relief under Fed. R. Civ. P. 60(b) is extraordinary and limited to certain exceptional circumstances.[3]  Like Rule 59(e), it is not the opportunity for the court to revisit the issues already addressed in the underlying order or to consider arguments and facts that were available for presentation in the underlying proceedings.[4]  Rule 60(b)(3) provides the court with discretion to grant relief from judgment when justified by fraud on the court and misconduct of an adverse party.  "When alleging a claim of fraud on the court, the plaintiff must show by clear and convincing evidence that there was fraud on the court, and all doubts must be resolved in favor of the finality of the judgment."[5]  Rule 60(b)(6) allows for relief when justified by "any other reason justifying relief from the operation of the judgment."  The Tenth Circuit has described

---

[1]*Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995).

[2]*Brown v. Presbyterian Healthcare Servs.,* 101 F.3d 1324, 1332 (10th Cir. 1996), *cert. denied*, 520 U.S. 1181 (1997).

[3]*Massengale v. Okla. Bd. of Exam'rs in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

[4]*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).

[5]*Welch v. Centex Home Equity Co., L.L.C.*, 224 F.R.D. 490, 494 (D. Kan. 2004).

Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case."[6]  A district court may grant a Rule 60(b)(6) motion only in extraordinary circumstances.[7]

Even after granting plaintiff's filings all permissible leniency, plaintiff fails to proffer any grounds or argument justifying relief from the order of remand.  At best, plaintiff's motion merely rehashes arguments previously considered and rejected by the Court.[8]  As such, the Court declines to revisit settled issues.  In sum, plaintiff has not presented any instances of manifest error or mistake, fraud or extraordinary circumstances warranting reconsideration or relief from the Court's prior ruling.  As set forth in the order of remand, this Court clearly lacks jurisdiction over these probate proceedings,[9] and plaintiff's purported federal claims do not create federal question jurisdiction justifying removal, nor can jurisdiction be conferred by counterclaim.[10]  Plaintiff's motion is denied.   Having no jurisdiction over this case, the Court will not address any other pending matters or arguments, except the matter of attorney's fees and costs.[11]

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's objection to and

---

[6]*Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996) (quotation omitted).

[7]*Welch*, 224 F.R.D. at 496 (citation omitted).

[8]*See Resolution Trust Corp. v. Greif*, 906 F. Supp. 1446, 1456-57 (D. Kan. 1995) (noting a motion to reconsider is not a mechanism to raise arguments that should have been raised in the first instance or to rehash arguments previously considered and rejected by the court).

[9]*Marshall v. Marshall,* — U.S. —, 126 S. Ct. 1735, 1738-39 (2006) (citing *Markham v. Allen*, 326 U.S. 490 (1946); *Beren v. Ropfogel*, 24 F.3d 1226, 1228 (10th Cir. 1994)).

[10]*See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 471 (1998) and cases cited therein; *In re Adoption of Baby C.*, 323 F. Supp. 2d 1082, 1085 (D. Kan. 2004), *aff'd sub nom. Baby C. v. Price*, 138 Fed. Appx. 81, 2005 WL 1377812 (10th Cir. June 10, 2005) (citing *Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1380 (10th Cir. 1978)).

[11]In its Order of Remand, the Court awarded defendant attorney's fees pursuant to 28 U.S.C. § 1447(c) as a result of plaintiff's improper removal.  Defendant has submitted an accounting and the Court will address those fees in a separate order.

3

motion for reversal of remand of the case (Doc. 27) is DENIED.

**IT IS SO ORDERED.**

Dated this 27th day of September 2006.

S/ Julie A. Robinson
Julie A. Robinson
United States District Judge